## BAY STATE SILVER MINING CO. *v.* BROWN.

*(Circuit Court, D. Nevada.* August 11, 1884.)

1. PLEADING—SUFFICIENCY OF ANSWER.
   An answer which clearly puts in issue the material allegations of the complaint is sufficient. It need not controvert immaterial matter.

2. MINING LAW—ADVERSE CLAIM.
   In a suit brought under Rev. St. § 2326, to determine the right of possession to an adverse mining claim, the title of each party to the disputed premises is brought in question, and each party must make proof of his title thereto before he can ask a judgment in his favor.

3. SAME—BETTER TITLE.
   In such suit the better title must prevail, and judgment be for the party establishing that better title.

4. SAME—FAILURE OF PROOFS.
   Where neither party establishes title to the ground in controversy, judgment cannot be for either party, and the suit must be dismissed.

5. SAME—PRESUMPTIONS OF FACT.
   In suits of this nature no presumptions of fact as to title arise. Title, right of possession, or forfeiture are facts to be established by the evidence.

Suit to Determine Right of Possession to Adverse Mining Claim. The opinion states the facts.

*Thompson Campbell* and *R. M. Clark*, for complainant.

*A. C. Ellis*, for defendant.

SABIN, J. This suit was brought under Rev. St. § 2326, to determine the right of possession between plaintiff and defendant to certain mining ground situate in Bristol mining district, Lincoln county, Nevada, described in the complaint. On the seventh of October, 1882, defendant filed in the proper land-office an application for a patent for the Ida May lode, situate in said Bristol mining district. Notice of such application was duly published as by law required. Within the period of publication of said notice, plaintiff, by its superintendent, filed in said land-office a protest against the issue of a patent for said Ida May lode to defendant, on the ground of a conflict between said claim and the Bay State mine, the alleged property of plaintiff. Hence this suit. It was begun in the proper state court, and by plaintiff removed to this court.

There was not a line of testimony submitted to the court tending to establish either plaintiff's or defendant's title or right of possession to the mining ground in controversy. The complaint alleges that "prior to the twenty-fifth day of August, 1881, the plaintiff was, and ever since has been, and now is, the owner (subject only to the paramount title of the United States) and in the possession, and entitled to the possession, of that certain mining claim  *  *  *  known and called the Bay State mine, and located on the second day of February, A. D. 1871, and duly recorded," etc. The defendant, by his answer, "denies that said plaintiff was upon the twenty-fifth day of August, 1881, or for a long time prior thereto, or that it ever since has been

or now is, either the owner or in the possession, or entitled to the possession, of that certain mining ground and claim situate  *   *   *, known and called the Bay State mine, as alleged in said complaint." The answer further denies the material averments of the bill, and claims title and possession of the ground in dispute in defendant, by virtue of a lawful location thereof, made by him August 25, 1881.

It is contended by plaintiff's counsel that this denial, above quoted, is insufficient, and that it virtually admits plaintiff's title and right of possession to said mining claim and ground; and that such admission renders unnecessary any proof on the part of plaintiff of its title or right of possession thereto, and hence no evidence was offered thereon. I cannot agree with counsel in this position. The denial is as broad as the averment in the complaint, and this is all that can be required of the defendant. The alleged fault in this denial is— *First,* that it does not deny that the Bay State mine was located in 1871; and, *secondly,* that it does not deny that plaintiff ever owned or was ever in possession of such mine or mining claim. As to the first alleged fault, it is wholly immaterial whether or not the Bay State mine was first located in 1871; as to the second, defendant was not called upon to deny that plaintiff had *ever* owned or ever was in possession of the same. The issue joined was as to the ownership and right of possession to that mining claim on the twenty-fifth day of August, 1881, and the subsequent and present ownership thereof. On this issue there is no ambiguity in defendant's answer; and upon the trial plaintiff was put upon its proof of title and right of possession thereof. And, on the other hand, defendant was equally put upon proof of his title to the Ida May lode before he could ask a decree in his favor adjudging him to be the owner thereof. In suits of this nature the better title must prevail, and judgment must be for the party establishing that better title. A mining claim, until patent therefor has been issued, is held by peculiar title,—a title which is never complete and absolute, and which can only be maintained by the annual expenditure thereon of the work by law required. Plaintiff may have owned the Bay State mine in 1871, but this would not be evidence of its ownership thereof on the twenty-fifth of August, 1881, or subsequent thereto. Forfeiture or abandonment may have arisen during that interval. On this point no presumptions arise; and, on the other hand, none arise that the title has been maintained by the expenditure of the requisite work upon the claim. These things are to be shown, on the one hand or the other, by satisfactory proof. They are facts to be established by the testimony submitted.

A claimant of mining ground, until he has secured patent therefor, must be an actor, and must annually perform the required work thereon, and, in establishing title thereto, must show compliance with the law in this respect. Nothing of the kind is shown by either party in this suit, and it seems to come clearly within the principle announced in *Jackson* v. *Roby,* 109 U. S. 440; S. C. 3 Sup. Ct. Rep. 301.

In that case, it appeared that neither party had done the requisite work upon the ground in controversy, and neither party was adjudged to have title thereto. In this case, it is not shown that either party has title to the ground in dispute, and the suit must be dismissed for want of proof.

The deposition of M. D. Howell shows that in 1880 he was at work on the Bay State mine, either for or with the permission of plaintiff. This is controverted by the joint affidavit of defendant, Thomas Saunders, and P. F. Kelly, (the latter disinterested witnesses,) filed in the land-office, and submitted with the deposition of the register of the land-office, taken by defendant. Aside from the deposition of Howell, no evidence is submitted to the court as to the title or right of possession of either party to any portion of the land in dispute, excepting the record of defendant's application for a patent for the Ida May lode, and accompanying exhibits, filed in the land-office, and plaintiff's protest thereto, with exhibits annexed. These records are purely *ex parte* matters on either side, prepared for the land-office, and in nowise competent proof of the issues involved in this suit.

The view taken of the case renders it unnecessary to consider several points urged by defendant against the maintenance of the suit.

The bill must be dismissed, with costs to defendant; and it is so ordered.